IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY L.P. O'NEAL**, | Case No. 3:15-cv-00773-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **OREGON DEPARTMENT OF JUSTICE, DIVISION OF CHILD SUPPORT**, | |
| Defendant. | |

Anthony L.P. O'Neal, Jr., 4605 NE Killingsworth #3, Portland, Oregon, 97218, *pro se*.

Ellen F. Rosenblum, Attorney General, and Andrew D. Campbell, Senior Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, Oregon 97301. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Anthony L.P. O'Neal brings *pro se* claims against Defendant Oregon Department of Justice, Division of Child Support. Defendant moves to dismiss Plaintiff's claims. For the reasons discussed below, Defendant's motion is granted.

BACKGROUND

On May 5, 2015, Plaintiff filed a complaint against the Oregon Department of Justice, Division of Child Support. Plaintiff alleges that Defendant garnished Plaintiff's accounts; placed

PAGE 1 – OPINION AND ORDER

liens on his property, affecting his credit; suspended his driver's license; and threatened to suspend his boiler license, preventing him from working. Plaintiff seeks remedies including the removal of the property liens, the return of money Plaintiff paid to Defendant, and punitive damages.

On June 17, 2015, Defendant moved to dismiss Plaintiff's claims, asserting sovereign immunity from suit in federal court because Defendant is an arm of the State of Oregon.[1] On June 26, 2015, Plaintiff filed a response claiming that Article III, Section II of the Constitution gives this Court jurisdiction over his claims. Defendant replied that Plaintiff's response failed to "advance any theory" supporting Plaintiff's case. On July 17, 2015, Plaintiff filed a second response to Defendant's motion to dismiss. Although Plaintiff did not seek leave from the Court to file a sur-response, the Court grants him leave and considers his sur-response in this Opinion.

## STANDARDS

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). A court must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its

---

[1] Defendant's motion cites to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim. Because Defendant moves to dismiss for lack of jurisdiction, the Court construes Defendant's motion as under Rule 12(b)(1), lack of subject-matter jurisdiction. *See generally Stevens v. United States*, 2012 WL 1314187, at *2 (D. Or. April 17, 2012).

PAGE 2 – OPINION AND ORDER

own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and quotation marks omitted).

## DISCUSSION

Defendant argues that the Eleventh Amendment deprives the Court of jurisdiction over Plaintiff's complaint. The Supreme Court has interpreted the Eleventh Amendment generally to prohibit a citizen from suing a state in federal court. *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). Supreme Court case law establishes that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011).

PAGE 3 – OPINION AND ORDER

Defendant correctly asserts that it is an arm of the State of Oregon. Plaintiff, therefore, may only bring suit against Defendant if Congress has abrogated Defendant's sovereign immunity or if Defendant has waived its immunity. *See Va. Office for Prot. & Advocacy*, 131 S. Ct. at 1637. Plaintiff has not identified any federal statute that abrogates Defendant's immunity. Though Plaintiff's Complaint purports to assert a civil claim under 18 U.S.C. § 1951 for extortion, Section 1951 is a criminal statute under which only the government may prosecute. To the extent that Plaintiff's action can be interpreted to assert a 42 U.S.C. § 1983 claim, Congress has not abrogated state sovereign immunity in Section 1983. *See Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Thus, Plaintiff may not bring an action in federal court asserting a violation of Section 1983 by the State of Oregon.

Additionally, Defendant has not waived its sovereign immunity from suit in federal court. The Oregon Tort Claims Act does provide for a limited waiver of sovereign immunity. It is not, however, a waiver of Eleventh Amendment immunity from suit in federal court. *See Millard v. Or. Dep't of Corrections*, 2014 WL 2506470, at *14 (D. Or. June 3, 2014). Suits against the state of Oregon under the Oregon Tort Claims Act must be brought in state court. *Id.*

Plaintiff does not address Defendant's Eleventh Amendment or sovereign immunity arguments, but instead quotes Article III, Section II of the Constitution. The Supreme Court has held that the general grant of federal jurisdiction in Article III, Section II is cabined by state sovereign immunity and the Eleventh Amendment. *Va. Office for Prot. & Advocacy*, 131 S. Ct. at 1637 ("[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact, unlimited by Article III's jurisdictional grant.").

Plaintiff's sur-response mentions Title VI of the Civil Rights Act of 1964, which protects any person from discrimination based on their race, color, or national origin in programs and activities that receive federal financial assistance. 42 U.S.C. § 2000d. Congress abrogated state sovereign immunity for claims under Title VI. *Id.* § 2000d-7(a); *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012). Plaintiff did not cite to Title VI in his Complaint, nor does he plead any facts demonstrating the applicability of Title VI such as that Defendant acted "'with an intent or purpose to discriminate based upon [Plaintiff's] membership in a protected class. . . .'" and that those actions had a discriminatory impact. *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (quoting *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009)). It is not "absolutely clear," however, that Plaintiff cannot state a Title VI claim alleging discrimination based on his race, color, or national origin. *See Karim-Panahi*, 839 F.2d at 623. Accordingly, Plaintiff has leave to amend his Complaint if he can allege facts plausibly suggesting that Defendant acted with an intent or purpose to discriminate against Plaintiff based upon Plaintiff's race, color, or national origin, and that Defendant's actions had a discriminatory impact.

Interpreting the Complaint under the liberal *pro se* pleading standard and affording Plaintiff the benefit of any reasonable doubt, the Court holds that it lacks subject-matter jurisdiction over Plaintiff's claims as currently pled. The Court grants Defendant's motion to dismiss.

## CONCLUSION

Defendant's motion to dismiss (Dkt. 11) is GRANTED and all claims against Defendant are dismissed. Plaintiff's purported claim under 18 U.S.C. § 1951 and any claim under 42 U.S.C. § 1983 are dismissed with prejudice. To the extent Plaintiff is asserting a claim under Title VI, it is dismissed without prejudice. If Plaintiff can cure the deficiencies identified in this Opinion and

PAGE 5 – OPINION AND ORDER

Order, Plaintiff may file an amended complaint asserting a Title VI claim by October 1, 2015. Defendant has moved to stay discovery until all Rule 12 litigation is complete. Dkt. 14. Because Plaintiff has leave to file an amended complaint, Defendant's motion to stay (Dkt. 14) is GRANTED. Discovery is stayed until Defendant files an answer to any amended complaint or the Court resolves in Plaintiff's favor any Rule 12 motion on any amended complaint. Plaintiff's motion to compel (Dkt. 17) is DENIED.

**IT IS SO ORDERED**.

DATED this 9th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER