IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY L.P. O'NEAL, JR.**, | Case No. 3:15-cv-00773-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **OREGON DEPARTMENT OF JUSTICE, DIVISION OF CHILD SUPPORT**, | |
| Defendant. | |

Anthony L.P. O'Neal, Jr., 4605 NE Killingsworth #3, Portland, Oregon, 97218, *pro se*.

Ellen F. Rosenblum, Attorney General, Andrew D. Campbell, Senior Assistant Attorney General, and Allison Woitalla, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, Oregon 97301. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Anthony L.P. O'Neal, Jr., ("O'Neal" or "Plaintiff") filed a First Amended Complaint ("FAC") against Defendant Oregon Department of Justice, Division of Child Support. Defendant filed a Motion to Dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendant's motion is granted.

PAGE 1 – OPINION AND ORDER

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se

PAGE 2 – OPINION AND ORDER

litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On September 10, 2015, the Court issued an Order and Opinion (Dkt. 21) granting Defendant's motion to dismiss O'Neal's complaint. The Court dismissed any claim under 42 U.S.C. § 1983 against the Defendant with prejudice. The Court, however, granted O'Neal leave to file a FAC alleging a violation of Title VI of the Civil Rights Act of 1964[1] ("Title VI") if O'Neal could allege facts plausibly suggesting that Defendant acted with an intent or purpose to discriminate against O'Neal based upon O'Neal's race, color, or national origin and that Defendant's actions had a discriminatory impact. The Court granted O'Neal leave to file a FAC asserting a Title VI claim against Defendant because Congress has abrogated states' sovereign immunity for claims under Title VI. 42 U.S.C § 2000d-7(a). The Court directed O'Neal to file any FAC by October 1, 2015. Complying with the Court's directive, O'Neal filed

---

[1] 42 U.S.C. § 2000d.

PAGE 3 – OPINION AND ORDER

a FAC on September 28, 2015. O'Neal alleges that Defendants violated Title VI by discriminating against men, including O'Neal, in the collection of child support and the enforcement of court orders to pay child support.[2]

## DISCUSSION

### A. Whether Title VI Prohibits Sex or Gender Discrimination

Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The text of Title VI prohibits discrimination based on race, color, or national origin; the text of Title VI does not prohibit discrimination based on sex or gender. The Supreme Court has described Title VI in comparison to another civil rights statute as follows: ". . . Title VI of the Civil Rights Act of 1964 . . . is parallel to Title IX except that it prohibits race discrimination, *not sex discrimination* . . . ." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) (emphasis added); *see also Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978) ("In view of the

---

[2] In the FAC, O'Neal also alleges violations of the Fourth, Fifth, Ninth, and Fourteenth Amendments. As the Court discussed in its previous Order and Opinion, Defendant is an arm of the State of Oregon. O'Neal, therefore, may only bring suit against Defendant if Congress has abrogated Defendant's sovereign immunity or if Defendant has waived its immunity. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 1637-38 ("[Supreme Court] cases hold that the States have retained their traditional immunity from suit, 'except as altered by the plan of the Convention or certain constitutional amendments.' A State may waive its sovereign immunity at its pleasure . . . .") (citation omitted). To the extent that O'Neal's action can be interpreted as asserting a 42 U.S.C. § 1983 claim, Congress has not abrogated state sovereign immunity in § 1983. *See Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Nor has the State of Oregon waived its immunity to suit in federal court for such claims. *See Millard v. Or. Dep't of Corrections*, 2014 WL 2506470, at *14 (D. Or. June 3, 2014) (holding that the State of Oregon has waived sovereign immunity in the limited context of the Oregon Tort Claims Act but that this statute does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court). Thus, O'Neal may not bring an action in federal court asserting a violation of § 1983 by the Defendant. Moreover, the Court did not grant O'Neal leave to replead a § 1983 claim against the Defendant. Accordingly, the Court does not consider O'Neal's allegations under the Fourth, Fifth, Ninth, and Fourteenth Amendments.

clear legislative intent, Title VI must be held to proscribe *only those racial classifications* that would violate the Equal Protection Clause or the Fifth Amendment.") (emphasis added).

Courts in other jurisdictions have explicitly held that a plaintiff cannot bring a sex or gender discrimination claim under Title VI. *E.g.*, *Davis v. City of Vicksburg, Miss.*, 2015 WL 4251034, at *2 (S.D. Miss. Apr. 27, 2015), *reconsideration denied* 2015 WL 5156770 (S.D. Miss. Sept. 2, 2015) ("Plaintiff's claims of discrimination on the basis of sex may not be brought under Title VI."); *Loch v. Bd. of Educ. of Edwardsville Cmty. Sch. Dist. No. 7*, 2007 WL 1468675, at *4 (S.D. Ill. May 18, 2007), *aff'd sub nom. Loch v. Edwardsville Sch. Dist. No. 7*, 327 F. App'x 647 (7th Cir. 2009) ("[The plaintiff's] claim of discrimination on the basis of sex or disability may not be brought under Title VI. The Court will dismiss that portion of [the plaintiff's complaint] that makes a claim under Title VI.").

O'Neal does not allege that Defendant discriminated against him on the basis of race, color, or national origin. He alleges only sex or gender discrimination. Because Title VI does not prohibit sex or gender discrimination, O'Neal fails to state a claim under Title VI.[3]

### B. Whether O'Neal Has Sufficiently Alleged Disparate Impact—Assuming Title VI Did Prohibit Sex or Gender Discrimination

Even if O'Neal could bring a claim alleging sex or gender discrimination under Title VI, O'Neal has not pled sufficient facts to survive Defendant's motion to dismiss. A plaintiff may plead a Title VI violation by alleging "that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009) [hereinafter "*CCCI*"]. A plaintiff may still

---

[3] Because the Court dismisses the FAC on the grounds discussed, the Court does not address Defendant's assertion that O'Neal fails to allege that Defendant receives federal funds.

PAGE 5 – OPINION AND ORDER

challenge a facially neutral governmental policy, *i.e.*, a policy that is "neutral on its face and serving ends otherwise within the power of government to pursue." *Washington v. Davis*, 426 U.S. 229, 242 (1976). When a plaintiff challenges such a governmental policy, "proof of disproportionate impact on an identifiable group, such as evidence of 'gross statistical disparities,' can satisfy the intent requirement where it tends to show that some invidious or discriminatory purpose underlies the policy." *CCCI*, 583 F.3d at 703.

The statistical disparities that a plaintiff uses to show disparate impact must constitute "[a]n appropriate statistical measure." *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 520 (9th Cir. 2011). Such a measure "involves a comparison between two groups—those affected and those unaffected by the facially neutral policy." *Id.* (quoting *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 575 (2d Cir. 2003)). A plaintiff's disparate impact claim fails when the plaintiff relies on the wrong base population in a statistical sample. For example, the Ninth Circuit rejected a disparate impact claim based on a "show[ing] that the percentage of Blacks in Orange County and in surrounding counties is higher than the percentage of Blacks employed by Orange County." *Robinson v. Adams*, 847 F.2d 1315, 1318 (9th Cir. 1987). The Ninth Circuit rejected this disparate impact claim because the "general population statistics" did not "represent a pool of prospective applicants qualified for the jobs for which [the plaintiff] applied." *Id.* The plaintiff in *Robinson* would have had to show that the number of qualified black applicants that the county hired was significantly lower than the number of qualified non-black applicants that the county hired. *Id.*

Even with a showing of relevant statistical disparities, a plaintiff's Title VI claim may still fail absent other factual allegations. *CCCI*, 583 F.3d at 703. ("Plaintiffs contend that 'gross statistical disparities' alone may constitute proof of a practice of discrimination and relieve

plaintiffs from their burden of showing intent to discriminate. This is true, but it is the rare case where impact alone will be sufficient to invalidate a challenged government action.") (citation omitted). According to the Ninth Circuit, "In addition to statistical evidence showing discriminatory impact, other factors to be considered in determining whether there is evidence of intent or purpose to discriminate include: the historical background of the decision, the sequence of events leading up to the decision, and any relevant legislative or administrative history." *Id.* The Supreme Court has also recently noted that a plaintiff must show a causal link between a statistical disparity and the defendant's policy or policies: "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015). The causality requirement helps ensure that defendants will not be held responsible for "disparities they did not create." *Id.*

Here, O'Neal does not allege that the challenged governmental policies—collection of child support payments and enforcement of child support orders—are anything other than facially neutral. Defendant administers child support laws and seeks to ensure that those who owe child support pay child support. Therefore, O'Neal must plead facts alleging disparate impact to "create[] a sufficient inference of discriminatory intent." *CCCI*, 583 F.3d at 705. O'Neal's disparate impact allegations must include, at the minimum, some sort of statistical disparity between two relevant population groups and a causal connection between that disparity and Defendant's policies.

In his complaint, O'Neal's allegation of disparate impact consists of one statement. He alleges: "The Department of Justice have violated my constitutional right, where men (NCP)[4]

---

[4] "NCP" refers to non-custodial parents.

who make up the significant number of 'arrestees,'[5] is 'gender bias discrimination' and a 'gender bias hate crime' when both parents are responsible for 'Support and Maintenance.'" Dkt. 23 at 2. The allegation that men make up a majority of people against whom Defendant enforces child support laws does not suffice to plead disparate impact; such an allegation suggests only that men fail to pay child support more often than women and is not linked to any action by Defendant. O'Neal would have to make factual allegations that Defendant enforces the laws against men who fail to pay child support more often than Defendant enforces the laws against women who fail to pay child support.

In O'Neal's response to Defendant's motion, O'Neal makes additional factual allegations, which the Court construes as part of O'Neal's complaint in the interest of affording *pro se* plaintiffs the benefit of any reasonable doubt. *See Hebbe*, 627 F.3d at 342. In his response, O'Neal alleges that only 18.2% of fathers in the United States have custody of their children. O'Neal also cites a study conducted in Georgia showing that in disputed custody cases, Georgia courts awarded custody to mothers in a large majority of cases.[6] Finally, O'Neal alleges that in Oregon, more women than men have custody of their children and four times as many men than women were arrested for failure to pay child support between 2000 and 2014.

None of the allegations in O'Neal's response relate to population groups relevant to his claim. Statistics relating to the United States as a whole and Georgia do not support an inference that Defendant, an arm of the State of Oregon, acts with discriminatory intent or purpose in

---

[5] Like the Defendant, the Court presumes "arrestees" refers to people in contempt of court for failing to pay child support pursuant to a court order.

[6] A Georgia trial court found, based on this study, that men paid child support more often than women and that Georgia's child support guidelines unconstitutionally discriminated against men. A Georgia appellate court overturned the decision. *Ga. Dep't of Human Res. v. Sweat*, 276 Ga. 627, 630-31 (2003).

enforcing Oregon's child support laws. Additionally, statistics showing that more Oregon women than Oregon men have custody of their children does not support a claim of a disparate impact. A disparity in custody awards to fathers, even if that disparity results in more fathers than mothers paying child support, does not suggest a disparate impact on non-custodial fathers. As a Georgia court noted, "The custodial parent is profoundly affected by the amount of support ordered to be paid . . . . If the level of financial support is to remain the same, every dollar deducted from a child support obligor's payment results in an increase to the payee parent's child-rearing costs." *Sweat*, 276 Ga. at 630-31. O'Neal also does not trace any disparity in custody awards to actions taken by Defendant.

Finally, statistics showing that four times as many men than women were arrested for failure to pay child support from 2000 to 2014 would only be relevant in one scenario: if the statistics compared arrest rates not just for men and women in the Oregon population overall, but for men and women in Oregon who all failed to make child support payments. O'Neal does not allege that the statistics make this comparison. O'Neal fails to plead disparate impact created by Defendant's facially-neutral policies, and thus even if Title VI allowed for an action based on sex or gender discrimination, O'Neal fails to state a claim under the statute.

The Court does not, however, find it absolutely clear that O'Neal cannot amend his complaint to assert (1) claims of racial discrimination by Defendant under Title VI or (2) § 1983 claims against *individual* government officials employed by Defendant who may have violated O'Neal's constitutional rights as O'Neal attempted to set forth in the original complaint and FAC. To assert violations of his constitutional rights in a § 1983 claim, O'Neal must name the individual officers (or, for those officers whom O'Neal cannot identify, name them as John or Jane Doe 1, John or Jane Doe 2, etc.) who engaged in the allegedly unlawful activity.

PAGE 9 – OPINION AND ORDER

## CONCLUSION

Defendant's motion to dismiss (Dkt. 25) is GRANTED. All claims against Defendant, other than the claims that the Court has previously dismissed with prejudice, are dismissed without prejudice. Plaintiff has until January 8, 2016, to file a second amended complaint. Plaintiff has until February 8, 2016, to effect service of the summons and second amended complaint on all defendants named in Plaintiff's second amended complaint.

**IT IS SO ORDERED**.

DATED this 30th day of November, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge